UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PHYLLIS JONES, parent and next friend of A.J., a minor,**<br><br>Plaintiff,<br><br>v.<br><br>**DISTRICT OF COLUMBIA, et al.,**<br><br>Defendants. | Civil Action 08-01434  (HHK) |

**MEMORANDUM OPINION**

Phyllis Jones, as parent and next friend of A.J., a minor, brings this action against the District of Columbia and Michelle Rhee, chancellor of the District of Columbia Public Schools ("DCPS"), in her official capacity (collectively, "the District"), alleging violations of the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq.* (2006) ("IDEA").  Jones alleges the District of Columbia denied A.J. the free and appropriate public education guaranteed by the IDEA when DCPS failed to convene a multi-disciplinary team meeting to begin to evaluate and determine an appropriate placement for A.J.  Jones also alleges that, at the administrative hearing, Hearing Officer Woods erred by (1) failing to address the issue raised by the administrative complaint and (2) holding that under District of Columbia law, home-schooled children are not entitled to special education benefits under the IDEA.

Before the Court are Jones' and the District's cross-motions for summary judgment [## 9, 12].  Upon consideration of the motions, the opposition thereto, and the record of this case, the Court concludes that the District's motion for summary judgment must be granted, and Jones'

motion for summary judgment must be denied.

## I.   BACKGROUND

### A.   Statutory Background

Congress enacted the IDEA to "ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs." 20 U.S.C. § 1400(d)(1)(A). States[1] receiving grants under the IDEA must ensure that all children with disabilities of a certain age have access to a "free appropriate public education," and provide each disabled student with an individual education program ("IEP"), detailing educational services tailored to the needs of that student. *Id.* at § 1414(d)(2)(A). An "IEP Team" (referred to as a multi-disciplinary team ("MDT"); *see, e.g.*, *Brown v. District of Columbia*, 568 F. Supp. 2d 44, 47 (D.D.C. 2008)) that includes parents, educators, and other specialists, develops each IEP. 20 U.S.C. § 1414(d)(1)(B).

IDEA services are provided to students in public schools, *id.* at § 1412(a)(1)(A), and, under certain circumstances, students placed by their parents in private schools, *id.* at § 1412(a)(10).[2] Parentally-placed private school students qualify for services under the IDEA only if the school meets the state's definition of "elementary" or "secondary" school. 34 C.F.R. § 300.130 (2009). If that definition does not include home-school, a home-schooled student in that state is not entitled to IDEA benefits. *Hooks v. Clark County Sch. Dist.*, 228 F.3d 1036, 1039-41 (9th Cir. 2000).

---

[1] "State" includes the District of Columbia. 20 U.S.C. § 1401(31).

[2] Benefits are also provided to students placed by a government agency in a private school. 20 U.S.C. § 1412(a)(10)(B).

Finally, under the IDEA, parents have the right to an administrative hearing on a complaint "with respect to any matter relating to . . . the provision of a free appropriate public education" to their child. 20 U.S.C. § 1415(b)(6), (f)(1). The hearing officer's determination on that matter may be challenged in federal district court. *Id.* § 1415(i)(2).

**B.     Factual Background**

As a result of a serious accident and subsequent surgeries beginning in the first grade, A.J. missed a significant amount of school and was classified as learning disabled in January 2007. At that time, A.J. lived in the District of Columbia, and an IEP for one calender year was developed for A.J. by Kimball Elementary School. In March 2007, Jones and A.J. moved to Virginia, where A.J. attended Triangle Elementary School in Prince William County for part of the school year. Prince William County Public Schools' re-evaluations in January 2008 showed that A.J.'s academic performance continued to be much lower than that of his peers.

Jones and A.J. moved back to the District of Columbia in March 2008. On March 28, 2008, Jones registered her son at Winston Educational Center ("Winston") as a home-schooled student. The same day, she sent a letter through counsel to Winston requesting a MDT meeting "to review evaluations, develop IEP, and determine appropriate placement for [A.J.]" (Compl. Ex. K at 2). It was Jones' wish to have her son in "an appropriate educational placement" by the beginning of the 2008-2009 school year and for A.J. to be home-schooled until that placement was made. (Compl. Ex. B at 4-5 (Admin. Compl.)) On April 22, 2008, twenty-five days after the request for a MDT meeting, Jones filed an administrative hearing complaint alleging that DCPS denied A.J. a free appropriate public education by failing to hold the requested meeting. At the hearing, DCPS moved to dismiss the claim on the grounds that DCPS is not required to

provide a home-schooled student with access to a free and appropriate public education. The hearing officer granted the motion to dismiss, holding that Jones "[f]ailed to present any evidence about why the IDEIA requires DCPS to provide their home-schooled child with a [free and appropriate public education]." (Compl. Ex. A at 8 (Admin. Decision)). Jones then filed a complaint seeking judicial review by this Court.

## II.    ANALYSIS

### A.    Legal Standard

When reviewing a hearing officer's determination in an IDEA case, the district court, based "on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C). The court does not conduct a de novo review of the hearing, but gives "due weight" to the hearing officer's conclusions. *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 206 (1982). Though less deferential than the "substantial evidence" review of most agency actions, *Scorah v. District of Columbia*, 322 F. Supp. 2d 12, 18 (D.D.C. 2004), the hearing officer's determination should not be upset so long as her conclusion is supported by "sufficiently reasoned, specific findings," *Kerkam v. Superintendent, D.C. Publ. Sch.*, 931 F.2d 84, 87-88 (D.C. Cir. 1991). On a motion for summary judgment, the court decides the case on the basis of those findings, the administrative record, and any additional evidence presented to the court. *See, e.g.*, *O.O. ex rel. Pabo v. District of Columbia*, 573 F. Supp. 2d 41, 45-46 (D.D.C. 2008).

### B.    A.J. Was Entitled to a MDT Meeting, but Jones' Administrative Complaint Was Premature

Jones argues that DCPS was required to hold a MDT meeting, that the administrative

hearing officer failed to address the basis of the administrative complaint, and that home-schooled students are entitled to IDEA benefits under District of Columbia law. The District responds that it is not required to hold a MDT meeting for a home-schooled student such as A.J. Both arguments miss the point: A.J., a resident of the District of Columbia, is entitled to an evaluation, but under District of Columbia law DCPS was permitted to take more than 25 days to conduct the evaluation.

States receiving IDEA grants must ensure that "[*a*]*ll* children with disabilities *residing* in the State . . . are identified, located, and evaluated." 20 U.S.C. § 1412(a)(3)(A) (emphasis added). The plain language of the statute requires the state to evaluate A.J. so long as he is a resident of the District of Columbia, regardless of whether he is in a public school, a private school, or no school at all. *See Hawkins ex rel. D.C. v. District of Columbia*, 539 F. Supp. 2d 108, 113-114 (D.D.C. 2008) (citing *Reid ex rel. Reid v. District of Columbia*, 401 F.3d 516, 519 (D.C. Cir. 2005)); D.C. Mun. Regs. tit. 5, § 3002. In order to conduct that evaluation, DCPS needed to hold a MDT meeting. *See* 20 U.S.C. § 1414(c) (placing responsibility for evaluations on "the IEP Team and other qualified professionals"). DCPS was informed that A.J. might be disabled on March 28, 2008, when Jones requested a MDT meeting.

Jones' complaint, however, was premature: DCPS had 120 days to evaluate A.J. D.C. Code § 38-2561.02. DCPS still had 95 days left on April 22, 2008 when Jones filed her administrative action. Therefore, Jones' administrative complaint was premature, and this Court affirms that complaint's dismissal, albeit on different grounds.[3]

---

[3] Because the complaint was premature, the Court does not address the question of whether or not home-school is "elementary" or "secondary" school under District of Columbia law.

### III.   CONCLUSION

For the foregoing reasons, the Court concludes Jones' motion for summary judgment must be denied, and the District's motion for summary judgment must be granted.  An appropriate order accompanies this memorandum opinion.


Henry H. Kennedy, Jr.
United States District Judge